GLASCOCK
v.
NAVE.

*Thursday,
January 24.*

*E. A. Greenlee,* for appellants.

*H. W. Chase* and *J. A. Wilstach,* for appellees.

---

Glascock and Another *v.* Nave.

Suit to recover personal property. The defendants answered that they had taken the property by virtue of certain fee bills directed to one of them, as sheriff of *Fountain* county. Reply in denial.

*Held,* that the writs and returns, if they had been returned, should have been given in evidence; and if they had not been returned, proof was necessary to show that the property was taken by virtue of such writs.

APPEAL from the *Warren* Circuit Court.

Hanna, J.—*Nave* sued *Glascock* and *Moore,* averring that without leave, and wrongfully, they took and had not returned the property of the plaintiff, viz.: one horse, worth $175.

*Thursday,
January 24.*

Answer: 1. Denial. 2. That *Moore,* as deputy of *Glascock,* who was sheriff of *Fountain* county, by virtue of two fee bills, copies of which are set out, levied on said horse, &c. 3. As to damages, that plaintiff, through an agent, purchased said horse at said sale, &c.

Demurrers were overruled to these two last paragraphs. There are no cross-errors assigned.

The plaintiff replied to the second and third paragraphs: 1. Denial. 2. That he resided in *Fountain* county, fifteen miles from the county seat, and had then and there personal property worth five hundred dollars, and real estate worth eight or ten thousand; that he was served with the fee bills in the county seat, and offered, if the officer would accompany him to his residence, to give him up property, other than the horse he was then riding; but he refused to do so, and with the intent to harass and oppress plaintiff, levied upon, and took said horse, &c. 3. In addition to the averments in the second, that defendants combining, &c., with the clerk of, &c., caused the fee bills set forth in said answers to be issued illegally and fraudulently, with intent to cheat the plaintiff, and compel him to pay fees for which he was not bound, &c.

Demurrers were overruled to the second and third paragraphs of the reply.

Trial by the Court; verdict and judgment for the plaintiff, for $125.

Several errors are assigned, but only one point is presented in the brief for appellants; and that is, that the Court erred in the single instruction given to the jury. That charge was in reference to the official duty of a sheriff, under circumstances similar to those stated in the pleadings.

Whether the instruction was right or wrong we need not inquire. The record professes to contain all the evidence. There was no evidence that the horse was taken from plaintiff, by defendants, as officers, nor by virtue of any writ, other than the incidental statements of the witnesses of plaintiff, in detailing the manner in which they took the horse. The witnesses state the refusal of *Nave* to give up the horse, or pay the cost bill, as they term it, because of its illegality in some undefined particular. The answers justifying, &c., were denied. The writs and returns, if they had been returned, should have been given in evidence; if they had not been returned, proof was necessary to show that the horse had been taken from the possession of the plaintiff by virtue of such writs, &c.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs. .

*J. Ristine, J. E. McDonald* and *A. L. Roache,* for appellants.

*R. A. Chandler,* for appellee.